UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
JUL 20 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| Cory Tignor, Fred Draine, Jason Scott, and Stanley Tignor on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Reel Time, LLC and Randy Sparks<br><br>Defendants. | CIVIL ACTION NO. 3:16CV615 |

## COMPLAINT

Plaintiffs Cory Tignor, Fred Draine ("Draine"), Jason Scott ("Scott"), and Stanley Tignor, (collectively "Plaintiffs"), respectfully moves for judgment against Reel Time, LLC ("Reel Time") and Randy Sparks ("Sparks"), (collectively "Defendants"), on behalf of themselves and all others similarly situated:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA").

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4)

since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

5. Cory Tignor is a resident of Virginia who was employed by Defendants. Cory was an "employee" as defined in the FLSA.

6. Draine is a resident of Virginia who was employed by Defendants. Draine was an "employee" as defined in the FLSA.

7. Scott is a resident of Virginia who is employed by Defendants. Scott is an "employee" as defined in the FLSA.

8. Stanley Tignor is a resident of Virginia who was employed by Defendants. Stanley was an "employee" as defined in the FLSA.

9. Reel Time is a Virginia Limited Liability Company with its principal office in Center Cross, Virginia. Reel Time meets the definition of "employer" as defined in the FLSA.

10. Upon information and belief, Sparks is the owner and primary manager of Reel Time and had ultimate authority over corporate operations as well as Plaintiffs' terms and conditions of employment. Sparks had authority to hire, fire, and set Plaintiffs' rates of pay. Sparks meets the definition of "employer" as defined in the FLSA.

11. Reel Time and Sparks are an integrated or joint of employer of Plaintiffs under the FLSA.

12. Reel Time and Sparks are jointly and severally liable for the acts complained of herein.

## Factual Allegations

13. Cory Tignor worked for Defendants from around June 2014 to around March 2016. Cory was hired by Sparks.

14. Draine worked for Defendants from around May 2014 to around February 2015. Draine was hired by Sparks.

15. Scott has worked for Defendants from around February 2014 to the present. Scott was hired by Sparks.

16. Stanley Tignor worked for Defendants from around March 2015 to around March 2016. Stanley was hired by Sparks.

17. Plaintiffs were blue collar workers who performed manual labor such as building maintenance, lawn care, plumbing, electrical wiring, laying floors, and remodeling residential and commercial structures.

18. Plaintiffs have performed work at various jobsites around central Virginia, including Richmond and Fredericksburg.

19. Plaintiffs typically worked around 55 hours per week.

20. Plaintiffs were scheduled to work from 6:30 a.m. to 4:30 p.m. Monday through Friday. However, Plaintiffs routinely worked longer than their scheduled shifts.

21. Sparks often called Plaintiffs around 6:00 a.m. to give them the day's work assignments and instructions.

22. Plaintiffs often worked until 6:00 p.m. or later.

23. Plaintiffs have occasionally worked as late as 11:30 p.m. Draine and Scott worked on a jobsite in Roanoke beginning at 3:00 a.m. until almost midnight. Cory Tignor worked on a

jobsite fixing frozen pipes until 11:30 p.m.

24. Plaintiffs were sometimes called back to a jobsite after they had gone home for the day.

25. Defendants were aware that Plaintiffs regularly worked on average of approximately 55 hours per week. Sparks directed Plaintiffs to work past their scheduled ending time to finish jobs.

26. Defendants did not properly pay Plaintiffs for all of their hours worked. Plaintiffs were generally paid a maximum of 45 hours per week. Even though Plaintiffs typically worked more than 45 hours per week, their pay was capped at 45 hours. However, weeks where Plaintiffs worked less than 45 hours, they were generally paid for their actual hours worked.

27. Despite the fact that Plaintiffs regularly worked more than 40 hours per week, Defendants did not pay them overtime compensation. Plaintiffs were paid their regular rate of pay ("straight time") for hours worked between 40 and 45 per week. Plaintiffs were not paid at all for hours worked over 45 per week.

28. On rare occasions, Plaintiffs were paid up to 48 hours in a week at straight time, which still failed to compensate them for all hours worked. However, this was the exception to the general rule that Plaintiffs' pay was capped at 45 hours.

29. On these rare occasions, Plaintiffs were paid straight time for hours worked between 40 and 48. Plaintiffs were not paid at all for hours worked over 48 per week.

30. Cory Tignor complained to Sparks about not receiving overtime pay. Sparks told him Defendants did not pay overtime because it would get "eaten up" in taxes.

31. Sparks told Cory Tignor that instead of paying overtime, Defendants paid "bonus

time," which was paid at a straight rate.

32. On information and belief, Defendants also had a practice of requiring employees to pay for equipment they damaged in the performance of their jobs. Draine was made to reimburse Defendants for a broken shower pan on one such occasion.

33. Defendants do not require employees to clock in and out or otherwise keep track of their time.

34. Defendants failed to maintain accurate time records of all hours worked by Plaintiffs.

35. Defendants' pay policy deprived Plaintiffs of overtime pay when they worked more than 40 hours per week.

36. Pursuant to the FLSA, Defendants are obligated to pay Plaintiffs at a time and a half rate for all overtime hours worked. Defendants failed to do so.

37. Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude them from being paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

38. Defendants willfully violated the FLSA by knowingly failing to pay overtime.

39. At all relevant times Defendants intended to deprive Plaintiffs of the overtime pay they were entitled to under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

### Representative Action Allegations for FLSA Claims

40. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs consent to become party plaintiffs in this

representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

41. Upon information and belief, Defendants employ, and have employed, multiple similarly situated employees who were paid under a similar pay scheme which deprived employees of overtime.

42. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

43. Upon information and belief, Defendants compensated, and continue to compensate, those similarly situated to Plaintiffs on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

44. On information and belief, Defendants' pay operations are centrally managed as a single enterprise, and all or most of Defendants' employees who are paid similarly to Plaintiffs are subject to common time-keeping and payroll practices.

45. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendants who were paid under a pay scheme similar to Plaintiffs, and have been employed within three (3) years of the date of filing of this action.

46. Defendants' policy of refusing to pay employees overtime amounted to a willful or reckless disregard of employees' rights under the FLSA.

47. Defendants had no good faith basis to believe that these employees were somehow exempt from the overtime provisions of the FLSA.

48. Plaintiffs assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year

limitations period.

49. Plaintiffs' job duties, and the job duties or those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

50. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

### COUNT I
### *Violation of the FLSA*

51. Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

52. At all times relevant, Defendants engaged in a pattern or practice of not paying employees overtime for working more than 40 hours per week.

53. Plaintiffs worked more than 40 hours per week without overtime compensation for hours worked over 40.

54. At all times relevant, Defendants knew, or should have known, that the FLSA applied to Plaintiffs and others similarly situated.

55. Defendants knew of Plaintiffs' hours worked, and knew that it was obligated to pay overtime to Plaintiffs. Defendants willfully failed to do so.

### **FLSA Relief Requested**

Wherefore, Plaintiffs request the following Relief against Defendants:

    A.    money damages for all unpaid overtime compensation;

    B.    liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs;

    C.    pre-judgment and post-judgment interest;

D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E. injunctive relief including but not limited to: an order permanently enjoining Defendants from retaliating against Plaintiffs; and an order permanently enjoining Defendants from prospectively violating the FLSA with respect to Plaintiffs and the putative collective action members and similarly situated employees;

F. reasonable attorneys' fees and costs expended in the prosecution of this case;

G. any and all further relief permissible by law.

Plaintiffs respectfully demands **TRIAL BY JURY**.

        **Respectfully submitted,**

        **Cory Tignor, Fred Draine, Jason Scott, and Stanley Tignor, on behalf of themselves and others similarly situated Plaintiffs**

By: _/s/ Philip Dean_
        Attorneys for Plaintiffs
        Philip Justus Dean (VSB No. 86335)
        Craig Juraj Curwood (VSB No. 43975)
        Curwood Law Firm
        530 E. Main Street, Suite 710
        Richmond, VA 23219
        Telephone: (804) 788-0808
        Fax: (804) 767-6777
        pdean@curwoodlaw.com
        ccurwood@curwoodlaw.com