## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered by and between Cory Tignor, Fred Draine, Jason Scott, and Stanley Tignor (collectively "the Plaintiffs") and Reel Time LLC ("Reel Time") and Randy Sparks ("Sparks"), (collectively "Defendants").

WHEREAS, the Plaintiffs were formerly employed by Reel Time LLC, which is owned and operated by Sparks; and

WHEREAS, the Plaintiffs in 2016 filed a lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") seeking relief for themselves and also seeking certification of a collective action of similarly situated workers in the U.S. District Court for the Eastern District of Virginia, Richmond Division, styled Cory Tignor, et al. v. Reel Time LLC and Randy Sparks, Civil No. 3:16cv615 (MHL) ("the Current Lawsuit"); and

WHEREAS, Defendants denied any liability to Plaintiffs for any unpaid overtime owed under the FLSA and affirmatively asserts that they overpaid Plaintiffs given Plaintiffs actual hours worked; and

WHEREAS, Defendants identified certain counterclaims that they intended to pursue as part of their defense of the Plaintiffs' claims; and

WHEREAS, the parties were required by the Court to participate in a mandatory Settlement Conference on January 17, 2017, which resulted in an agreement among the parties to resolve their respective claims against each other; and

WHEREAS, the parties have entered into a Memorandum of Understanding outlining the terms of their settlement; and

WHEREAS, the parties intend for the terms and conditions of this Agreement to govern all claims related to the Plaintiffs' employment and termination of employment with Defendants; and

WHEREAS, the parties have had an opportunity to consult with a lawyer before signing this Agreement; and

WHEREAS, the parties acknowledge that the consideration received by each of them is adequate to support the releases provided by them under this Agreement; and

WHEREAS, the Plaintiffs represent that, other than the Current Lawsuit, they have not filed any charges of discrimination, claims or lawsuits against Reel Time LLC or Randy Sparks involving any aspect of their employment that have not been terminated as of the date of this Agreement; and

WHEREAS, Plaintiffs represent that they are still the holders of all Released Claims, described below, that they have asserted or may assert against Reel Time LLC or Randy Sparks, and that they have not and will not assign these Released Claims to anyone, so that the Released

Claims may not be brought on Plaintiffs' behalf at a later date despite their entering into this Agreement, and in fact, that it is Plaintiffs' intent to release these claims in exchange for the consideration provided herein; and

WHEREAS, Plaintiffs understand that Defendants regard the representations by them as material and that Defendants are relying on these representations in entering into this Agreement; and

WHEREAS, Plaintiffs understand and acknowledge that Defendants deny any and all liability for the claims Plaintiffs have asserted against them and which are the subject of this Agreement; and that Defendants have agreed to settle these claims solely to avoid the cost of litigation.

NOW, THEREFORE, IN EXCHANGE FOR THE MUTUAL PROMISES CONTAINED HEREIN, AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, PLAINTIFFS AND DEFENDANTS MUTUALLY AGREE AS FOLLOWS:

1. **Payments and Other Monetary Consideration.** Plaintiffs shall receive a payment from Defendants of the following amount:

    a. Sixty-Two Thousand Five Hundred Dollars ($62,500.00), which shall be delivered by a single check in that amount made payable to "The Curwood Law Firm," on behalf Cory Tignor, Fred Draine, Jason Scott, and Stanley Tignor, which the Curwood Law Firm shall distribute to the Plaintiffs as consideration for all claims for compensatory damages and all other damages asserted by Plaintiffs; and

    b. Payment of the amount specified in subparagraph (a) shall be made no later than ten days after the execution of this Agreement by all parties provided there has been no revocation of acceptance by any Plaintiff.

2. **No Tax Representations Made by Defendants.** Plaintiffs acknowledge that Defendants make no representations with regard to the tax implications or other effects of this Agreement. Plaintiffs shall assume sole responsibility for reporting their payments to all applicable federal and state governments as required by law and shall indemnify and hold Defendants harmless for any tax liabilities that Plaintiffs may face as a result of those settlement payments.

3. **Full and Adequate Consideration.** Plaintiffs acknowledge that the payment detailed in paragraph 1 above is full and adequate consideration for the promises and agreements made by them in this Agreement.

4. **Mutual Release and Discharge.**

    A.   Plaintiffs and their heirs, assigns and agents, discharge Reel Time LLC, Randy Sparks, and any other of Reel Time's owners, employees, agents or assigns (hereinafter collectively, "Releasees"), from any of Plaintiffs' claims arising under the FLSA or related to

Plaintiffs' employment or termination of employment with Defendants ("Released Claims") arising on or before the Effective Date. This release includes, but is not limited to:

    i. Any claim Plaintiffs believe they might possess for retaliation, discrimination, breach of contract, or wrongful termination, whether such claim is based on disability, disease, handicap, race, sex, religion, marital status, sexual orientation, national origin, age, veteran status, special disabled veteran status, citizenship status, any other claim based on a statutory prohibition, including claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Genetic Information Nondiscrimination Act of 2008; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Age Discrimination Act, 29 U.S.C. § 621 *et seq.*; the Employee Retirement Income Security Act of 1974, as amended; the Fair Labor Standards Act; the Family And Medical Leave Act; any federal, state or local law regarding the payment of taxes related to the payment of wages by Defendants to Plaintiffs or related to payments made under this Agreement; and any and all other federal, state or local laws, rules, regulations, constitutions, ordinances, and any common law claims now or hereafter recognized. Accordingly, the foregoing release includes, but is not limited to, any other claim arising out of or related to an expressed or implied employment contract relating to the terms and conditions of employment, any claims for attorneys' fees or expenses, and any arbitration or mediation agreement entered into between the parties to this Agreement.

    ii. Plaintiffs further agree not to sue or cause Releasees to be sued regarding the Released Claims.

    iii. Plaintiffs understand that they are releasing claims that they may not know about, but which may have arisen prior to the execution of this Agreement, and it is still their intent to release such unknown claims. Plaintiffs expressly waive all rights they may have under any law that is intended to prevent unknown claims from being released. Plaintiffs understand the significance of doing so.

    iv. Plaintiffs acknowledge as required by the Older Worker Benefits Protection Act that:

        a. Plaintiffs are not waiving rights or claims that arise after the effective date of this Agreement;

        b. Plaintiffs have made the promises in this Agreement in exchange for consideration to which the Plaintiffs are not otherwise entitled;

        c. Plaintiffs have been advised to consult with an attorney prior to executing this Agreement;

        d. Plaintiffs are being provided with a period of 45 days in which to consider this offer, although Plaintiffs may waive any balance of the 45-day period by acceptance of this offer;

    e. Plaintiffs shall have seven days after acceptance of this Agreement to revoke such acceptance by delivering a written notice of such revocation in writing by no later than close of business on the seventh day after any Plaintiff's acceptance of this Agreement to the following: Charles G. Meyer III, O'Hagan Meyer, 411 East Franklin Street, Suite 500, Richmond, VA 23219. This Agreement shall not be effective or enforceable until the passage of the revocation period.

B. Randy Sparks and Reel Time LLC, and its owners, and each of their heirs, assigns and agents (hereinafter collectively, "Releasors"), similarly release, waive, and discharge Plaintiffs, their agents, affiliates, representatives, attorneys, successors, and assigns from each and every claim or action relating to their employment with Defendants, known or unknown, arising on or before the Effective Date. This release includes, but is not limited to:

    i. Any claim Defendants believe they might possess for property damage, poor workmanship, overpayments, or any other claim relating to the work performed by Plaintiffs during their employment with Defendants or the compensation paid to the Plaintiffs. Accordingly, the foregoing release includes, but is not limited to, any other claim arising out of or related to any expressed or implied employment contract between the Parties or work performed thereunder, any claims for overpayments, attorneys' fees or expenses, and any arbitration or mediation agreement entered into between the parties to this Agreement.

    ii. Releasors further agree not to sue or cause Plaintiffs to be sued regarding the claims released in this Agreement.

    iii. Releasors understand that they are releasing claims that they may not know about, but which may have arisen prior to the execution of this Agreement, and it is still their intent to release such unknown claims. Releasors expressly waive all rights they may have under any law that is intended to prevent unknown claims from being released. Releasors understand the significance of doing so.

5. **Dismissal of Lawsuit:** The parties agree to cooperate fully in appearing before the Court for review and approval of this Agreement, and to execute any paperwork necessary for the dismissal of the Lawsuit.

6. **Mutual Confidentiality.** Although this settlement must be approved by the Court, and a record of the same will be docketed with the Court, with the exception of the Court record, all parties agree to keep strictly confidential both the fact of and all terms and conditions of this Agreement, including amounts. All parties agree not to disclose the facts or terms and conditions of this Agreement to any person, entity, or media outlet, whether through publication of the parties' actual names or through the use of surrogates or pseudonyms. Plaintiffs or anyone acting on their behalf shall keep strictly confidential all the terms and conditions, including amounts, in this Agreement and shall not disclose them to any person or entity other than (i) immediate family members; (ii) their tax advisors, attorneys, or

similar professionals; and (iii) any governmental officials who seek such information in the course of their official duties. If Plaintiffs elect to share the fact of or terms of this Agreement with immediate family members, then those family members shall also keep strictly confidential the fact of and terms of this Agreement.

Similarly, Defendants or anyone acting on their behalf shall keep strictly confidential all the terms and conditions, including amounts, in this Agreement and shall not disclose them to any person or entity other than (i) management level employees of Reel Time LLC who have assisted with the defense of this matter; (ii) any governmental officials who seek such information in the course of their official duties; and (iii) Reel Time LLC's counsel, Sparks' personal counsel and the tax advisers to either Reel Time or Sparks.

7. **Neutral Reference.** Reel Time LLC and Randy Sparks agree that if contacted by a potential employer of Plaintiffs, Reel Time LLC will provide a neutral reference, stating only: the dates of Plaintiffs' employment; the positions held by Plaintiffs; and their rates of pay.

8. **Mutual Non-Disparagement.** Plaintiffs and Defendants agree not to make, or cause others to make, any statements or communications that reasonably may have the effect of disparaging, diminishing, or damaging the goodwill, reputation, work ethic or ability, or livelihood of the other party. This includes Plaintiffs' agreement not to defame, disparage, or harass, or cause others to defame, disparage, or harass Reel Time LLC, Sparks, or any Reel Time employees. Reel Time LLC and Sparks agree not to defame, disparage, or harass, or cause others, including its employees, to defame, disparage, or harass Plaintiffs.

9. **Right to Pursue Claim for Breach of Contract.** All parties retain the right to pursue a breach of contract action against the breaching party for any breach of this Agreement. The prevailing party of such action shall be permitted to recover reasonable attorneys' fees and costs. Specifically, the parties agree to pursue any claim for breach of this agreement for binding arbitration before the Hon. David J. Novak, and that the filing of the dismissal in the Current Lawsuit shall explicitly reserve jurisdiction with the Court for such purposes pursuant to the terms of the Memorandum of Understanding prepared under supervision of the Hon. David J. Novak dated January 17, 2017.

10. **Waiver.** The waiver, by either party, of the other party's compliance with any provision of this Agreement, shall not constitute a continuing waiver or a waiver of any other breach of this Agreement

11. **No Admission of Liability.** Plaintiffs agree that the payments made and other consideration received pursuant to this Agreement are not to be construed as an admission of legal liability by Reel Time LLC or Randy Sparks, and that no person or entity shall utilize this Agreement or the consideration received pursuant to this Agreement as evidence of any admission of liability because Reel Time LLC and Randy Sparks expressly deny liability. Plaintiffs agree not to assert that this Agreement is an admission of guilt or wrongdoing and acknowledge that Reel Time LLC and Randy Sparks do not believe or admit that they have done anything wrong or engaged in any conduct for which they are legally liable to Plaintiffs. Likewise, Defendants agree that nothing in this Agreement or

in the releases provided shall be construed as an admission of legal liability by Plaintiffs, and that no person or entity shall utilize this Agreement or the consideration received pursuant to this Agreement as evidence of any admission of liability because Plaintiffs expressly deny liability. Defendants agree not to assert that this Agreement is an admission of guilt or wrongdoing and acknowledge that Plaintiffs do not believe or admit that they have done anything wrong or engaged in any conduct for which they are legally liable to Defendants.

12. **Opportunity to Review.** The parties each acknowledge that they have carefully and fully read this Agreement, that they had the benefit of advice of counsel in entering into this Agreement, that they fully understand and accept the contents of this Agreement, and that they have entered into this Agreement by their own free act and deed. The parties further acknowledge that because each party has been represented by competent counsel and has revised or requested revisions to this Agreement, any ambiguities in this Agreement shall not be construed against any party. The parties finally acknowledge that they have been advised to consult with an attorney before signing this Agreement. The parties have read the terms of this Agreement and understand its terms and effects. Each party has signed this Agreement with the intention of releasing all aforementioned claims against the other in exchange for the payment and promises described above, which each party acknowledges are valid and sufficient consideration for this Agreement. If either party refuses to sign or comply with this agreement, then the MOU entered into by the parties on January 17, 2017 shall control.

13. **Governing Law.** This Agreement is to be governed by and construed in accordance with the laws of Virginia, without regard to its conflict of law principles.

14. **Entire Agreement.** This Agreement constitutes the entire understanding between the parties. The parties have not relied on any oral statements that are not included in this Agreement. Any modifications to this Agreement must be in writing and signed by Plaintiffs and Defendants.

15. **Signatures and Counterparts**. This Agreement may be executed in more than one counterpart. Electronic transmission of signatures on this Agreement shall be deemed to be original, and all such executions together will constitute one and the same agreement

**WE ACKNOWLEDGE THAT WE UNDERSTAND THE ABOVE AGREEMENT INCLUDING THE RELEASE OF SPECIFIED CLAIMS. WE UNDERSTAND THAT WE ARE WAIVING UNKNOWN CLAIMS AND WE ARE DOING SO INTENTIONALLY.**

IN WITNESS WHEREOF and intending to be legally bound, Plaintiffs and Defendants have executed this Settlement Agreement and Release on the dates indicated below:

**CORY TIGNOR**

By. ___*Cory Lee Tignor*___  Date: Jan 30, 2017
      Cory Lee Tignor (Jan 30, 2017)
      Cory Tignor


**FRED DRAINE**

By. _____  Date:_____
      Fred Draine


**STANLEY TIGNOR**

By. _____  Date:_____
      Stanley Tignor


**JASON SCOTT**

By. _____  Date:_____
      Jason Scott

**CORY TIGNOR**

By. _____     Date:_____
      Cory Tignor


**FRED DRAINE**

By. *[signature] Fred Draine (Jan 30, 2017)*     Date: Jan 30, 2017
      Fred Draine


**STANLEY TIGNOR**

By. _____     Date:_____
      Stanley Tignor


**JASON SCOTT**

By. _____     Date:_____
      Jason Scott

- 7 -

**CORY TIGNOR**

By. _____  Date:_____
        Cory Tignor


**FRED DRAINE**

By. _____  Date:_____
        Fred Draine


**STANLEY TIGNOR**

By. ___*[signature]*_____  Date: Jan 30, 2017
        Stanley Tignor (Jan 30, 2017)
        Stanley Tignor


**JASON SCOTT**

By. _____  Date:_____
        Jason Scott

**CORY TIGNOR**

By. _____    Date:_____
   Cory Tignor


**FRED DRAINE**

By. _____    Date:_____
   Fred Draine


**STANLEY TIGNOR**

By. _____    Date:_____
   Stanley Tignor


**JASON SCOTT**

By. *Jason Wayne Scott*    Date: Jan 30, 2017
   Jason Scott

- 8 -

**REEL TIME LLC**

By. _Randy Sparks_ Date: 1/27/17
    Randy Sparks

Title _Owner_


**RANDY SPARKS**

By. _Randy Sparks_ Date: 1/27/17
    Randy Sparks

3095